# *Exhibit B*


# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

| | |
|---|---|
| SENDY NERVIL <br><br> Plaintiff, <br> v. <br><br> WELLPATH LLC; WELLPATH RECOVERY SOLUTIONS, LLC <br><br> Defendants | SUPERIOR COURT <br><br> CIVIL ACTION NO. |

## **COMPLAINT**

### I.  INTRODUCTION

The Plaintiff, Sendy Nervil ("Ms. Nervil") brings this action against her former employer for violation of M.G.L. c. 151B against Defendants Wellpath, LLC and Wellpath Recovery Solutions, LLC (together "Wellpath" or "Defendants" or "the Company") relating to discrimination based on race and sex, as well as for violation of Ms. Nervil's right to be free from retaliation for raising good faith complaints about discrimination.

Ms. Nervil is a 27-year-old African American woman, was a dedicated employee of Wellpath who provided Residential Service Coordination services for patients at the Massachusetts Alcohol and Substance Abuse Center ("MASAC") in Plymouth, Massachusetts. From the onset of her employment, Ms. Nervil was subjected to egregious sexual harassment by one of her co-workers. Despite numerous complaints to her superiors, Wellpath failed to address any of Ms. Nervil's complaints about being sexually harassed in the workplace. Further, as an African American employee, Ms. Nervil was often assigned the less desirable job duties while her white co-workers were assigned more favorable shifts and job duties at Wellpath. Due to the stress of

1

the constant sexual harassment in the workplace along with the discriminatory treatment of Ms. Nervil because of her race, she used all her accrued time off to take a leave from August 12, 2021 until September 4, 2021.  When Ms. Nervil was set to return to work on September 4, 2021, she was told by her white supervisor that she was terminated.

In light of Wellpath's discriminatory and retaliatory actions, Ms. Nervil seeks to recover front pay, back pay, and emotional distress damages.  Ms. Nervil is also entitled to multiple damages, attorneys' fees, and costs pursuant to M.G.L. c. 151B.

## II.   PARTIES

1. Plaintiff, Sendy Nervil, is an adult resident of Brockton, Plymouth County, Massachusetts.

2. Defendant Wellpath LLC (formerly known as Correct Care Solutions, LLC) is a Kansas company with a principal office at 1238 Murfreesboro Pike, Suite 500, Nashville, TN 37217.  It has a Massachusetts office located at 110 Turnpike Road, Suite 308, Westborough, MA 05181.  Wellpath's resident agent in the Commonwealth of Massachusetts is located at 225 Cedar Hill Street, Suite 200, Marlborough, MA.

3. Defendant Wellpath Recovery Solutions, LLC is a Florida company with a principal office at 1238 Murfreesboro Pike, Suite 500, Nashville, TN 37217.  It has a Massachusetts office located at 110 Turnpike Road, Suite 308, Westborough, MA 05181.  Wellpath's resident agent in the Commonwealth of Massachusetts is located at 225 Cedar Hill Street, Suite 200, Marlborough, MA.

## III.   JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court pursuant to the provisions of M.G.L. c. 212, §4 and c. 214 §1.

5. Venue is proper in the Court pursuant to G.L. c. 223. §§ 1 and 8.

6. Ms. Nervil has satisfied all administrative prerequisite by filing a charge of discrimination with the Equal Employment Opportunity Commission and filing her complaint within 90 days of receiving her Right to Sue letter from the EEOC.

## IV. STATEMENT OF FACTS

### Sexual Harassment and Sex Discrimination

7. Ms. Nervil is a 26-year-old African American woman who began working for Wellpath at the Massachusetts Alcohol and Substance Abuse Center ("MASAC") Plymouth location.

8. When Ms. Nervil began working at Wellpath on March 4, 2020 she was employed as a Residential Service Coordinator.

9. Beginning in May of 2020, Ms. Nervil's co-worker, Kerry Jel Lauture, began sexually harassing Ms. Nervil.

10. Mr. Lauture's inappropriate behavior quickly escalated when he began to make unwanted sexual advances towards Ms. Nervil along with unwanted sexual comments. Mr. Lauture constantly stared at Ms. Nervil's body and made comments to her such as; **"I love your thighs"**; **"You are talking to me, but I can't focus because I'm looking at your thighs"**; and **"What can I do to have you?"**

11. Ms. Nervil did not immediately report the sexual harassment to Human Resources because a year earlier, she had made a sexual harassment complaint to HR about another co-worker, Tyrick Carter, nothing was done to investigate the complaint.

12. Around October, 2020, in an effort to get Ms. Nervil terminated because she did not accept Mr. Lauture's sexual advances, Mr. Lauture reported Ms. Nervil to HR alleging that

she told a co-worker "If I want to get any male co-worker fired, all I have to do is report them to Chris Rogers."

13. Mr. Rogers is white and served as Ms. Nervil's Supervisor and MASAC's safety coordinator. Timothy Scott, and Inspector for Wellpath, investigated Mr. Lauture's complaint and determined that his allegations against Ms. Nervil had no merit.

14. Around December 2020, Ms. Nervil told Mr. Scott about the sexual harassment by Mr. Lauture.

15. Even after informing Mr. Scott that she was being sexually harassed by Mr. Lauture, the behavior did not stop.

16. In January, 2021, Ms. Nervil spoke with her Supervisor, Mr. Rogers about the sexual harassment by Mr. Lauture and how it was continuing to escalate.

17. The day after speaking with Mr. Rogers, Ms. Nervil went to Brockton District Court to get a Harassment Prevention Order against Mr. Lauture which she then presented to Mr. Rogers.

18. Instead of terminating Mr. Lauture, Mr. Rogers simply moved Mr. Lauture to the overnight shift while keeping Ms. Nervil on the day shift.

19. In January 2021, Ms. Nervil spoke on the phone with HR Supervisor Mary Doyle who took her statement about the sexual harassment by Mr. Lauture.

20. Mr. Rogers was present with Ms. Nervil during this conversation with Ms. Doyle.

21. Ms. Nervil explained to Ms. Doyle in detail about the sexual harassment that she was forced to endure by Mr. Lauture and how after months of complaining, management did nothing to prevent the harassment from continuing to occur.

22. Further, Ms. Nervil informed Ms. Doyle that she was not the only person that Mr. Lauture was sexually harassing at MASAC.

23. Ms. Doyle did not ask Ms. Nervil the names of any of the other women who had been sexually harassed, nor did she ask Ms. Nervil about any specific details regarding the harassment of other women at MASAC.

24. Ms. Nervil went on vacation from March 5 through March 16, 2021 and when she returned to work on March 16, 2021, she was called into Mr. Rogers' office.

25. It was at this time that Mr. Rogers informed Ms. Nervil that Mr. Lauture was going return to his normal shift and work alongside Ms. Nervil because Mr. Rogers believed that "the behavior [of Mr. Lauture] would not continue."

26. Ms. Nervil explained to Mr. Rogers that she was extremely uncomfortable working the same shift as Mr. Lauture because he constantly sexually harassed her, and she did not feel safe working with him.

27. Mr. Rogers did nothing to address Ms. Nervil's serious concerns about Mr. Lauture returning to work with her on the same shift.

28. After Mr. Lauture returned to Ms. Nervil's shift in March, 2021, she began experiencing severe anxiety and migraine headaches on a daily basis.

29. Ms. Nervil was forced miss a week of work due to the stress that was created by Wellpath for allowing Mr. Lauture to return to his daytime shift.

30. Ms. Nervil felt so uncomfortable going in to work each day that she resorted to wearing men's khaki pants in order to look less feminine around Mr. Lauture

**Racial Discrimination**

31. Wellpath has a history of a clear double standard when it comes to the way African America and white employees are treated at the Company.

32. Some of these examples of how Wellpath treated African American employees differently from white employees include:

   a. Rebecca Smith (who is white) reported a white male employee name Baker (first name unknown) for sexual harassment between July and August 2020 and he was immediately terminated.

   b. Tara Lee (who is white) reported a black employee named Theo (last name unknown) for allegedly assaulting her in December 2020 and he was immediately terminated.

   c. Tayla Miller (who is white) reported a black employee named Lucas (last name unknown) for exposing himself in April 2021 and he was immediately terminated.

   d. Melissa (last name unknown), who is white, reported that a black employee named Tyrick Carter had groped her at a previous place of employment where they worked together. She expresses that seeing him gave her anxiety and as a result, he was immediately terminated.

33. Prior to harassing Melissa, Mr. Carter had sexually harassed Ms. Nervil and several other of African American employees at Wellpath.

34. Mr. Carter had referred to Ms. Nervil as a "hoe" and a "trick" on a number of occasions.

35. Ms. Nervil reported Mr. Carter's behavior to HR on a number of occasions, and once again, Wellpath failed to take any action.

36. Ms. Nervil was routinely assigned to work outside doing A&B patrol and ground patrol even in the colder months.

37. After requesting that she be assigned more indoor shifts, her Supervisor Khalia Lopez informed her that this was not possible.

38. Ms. Nervil's white co-workers, many of which had less seniority than her, were primarily assigned to work inside of the facility working C-1, C-2, A-1 and A-2 shifts.

39. Ms. Nervil was constantly forced to work double shifts almost every day whereas her white co-workers were not asked to work double shifts.

40. Ms. Nervil received threatening emails from Wellpath informing her that if she refused to work overtime, she would be terminated.

**Retaliation and Wrongful Termination**

41. The stress and anxiety Ms. Nervil experienced because of the continued sexual harassment by Mr. Lauture became so severe that she took a leave from work on August 12, 2021.

42. After Ms. Nervil was forced to exhaust all of her accrued sick and vacation time, she had no other choice than to return to work on September 4, 2021.

43. When Ms. Nervil contacted Mr. Rogers to inform him that she intended to return to work, he told Ms. Nervil that she was terminated.

V.     CAUSES OF ACTION

**Count I – Sexual Harassment and Sex Discrimination in Violation of M.G.L. c. 151B**
**(v. Wellpath, LLC and Wellpath Recovery Solutions, LLC)**

44. The Plaintiff hereby restates and reincorporates the foregoing paragraphs of this Complaint as if fully stated herein.

45. During all relevant periods, the Company, including each Wellpath LLC and Wellpath Recovery Solutions, LLC employed 6 or more persons. Accordingly, the Company, is an employer under the definition of M.G.L. c. 151B.

46. Defendants, by and through its agents, sexually harassed and discriminated against Ms. Nervil with respect to the terms, conditions, and/or privileges of her employment, because of Ms. Nervil's sex.

47. Indeed, Defendants failed in their legal obligations to provide Ms. Nervil a workplace free of sexual harassment and/or to protect Ms. Nervil from sexual harassment.

48. Defendants knowingly coerced, intimidated, threatened, and/or interfered with Ms. Nervil's right to be free from discrimination in the terms, conditions, and privileges of employment. Defendants, additionally, aided and abetted in the Company's discriminatory actions by having engaged in individual and distinct wrongful action(s), by having intended to discriminate against Ms. Nervil in violation of rights protected under M.G.L. c. 151B.

49. Defendants' actions were outrageous, egregious, and/or undertaken with reckless indifference to Ms. Nervil's rights.

50. As a direct and proximate result of Defendants' violation of M.G.L. c. 151B, Ms. Nervil has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, other monetary harms, loss of earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

51. The Plaintiff seeks all damages to which she is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, compensatory damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, attorneys' fees, interest, and costs.

**Count II - Sexual Harassment and Sex Discrimination in Violation of Title VII, 42 U.S.C. §§ 2000e, et. seq.**
**(v. Wellpath, LLC and Wellpath Recovery Solutions, LLC)**

52. Ms. Nervil incorporates all paragraphs above and below as if set forth fully herein.

53. During all relevant times, the Company, including each Wellpath LLC and Wellpath Recovery Solutions, was an employer under Title VII, 42 U.S.C. §§ 2000e, et. seq. (hereinafter "Title VII") because it employed more than 15 persons for 20 or more calendar weeks within the previous 12-month period.

54. Defendants, by and through its agents, sexually harassed and discriminated against Ms. Nervil with respect to the terms, conditions, and/or privileges of her employment, because of Ms. Nervil's sex.

55. Indeed, Defendants failed in their legal obligations to provide Ms. Nervil a workplace free of sexual harassment and/or to protect Ms. Nervil from sexual harassment.

56. More specifically, the Defendants subjected Ms. Nervil to adverse actions, including, but not limited to, a hostile and sexually harassing workplace (including a workplace where Ms. Nervil was put at risk of and actually subjected to sexual assaults), the refusal to provide Ms. Nervil with a work place free of sexual harassment, and the termination of Ms. Nervil's employment because she was a woman and/or because she was a woman who refused to accept, engage in, or reciprocate sexual harassment and/or refused to accept a sexually harassing and hostile work environment.

57. As a direct and proximate result of the Company's violation of Title VII, Ms. Nervil has suffered and continues to suffer damages, including, but not limited to, lost

compensation and benefits, loss of earning capacity, other monetary harms, pain and suffering, loss of enjoyment of life, and emotional damages.

58. The Company acted with malice and/or with reckless indifference to the federally protected rights of Ms. Nervil.

59. Ms. Nervil seeks all damages to which she is entitled, including, but not limited to lost compensation and benefits (including, but not limited to, back pay and front pay), other monetary damages, diminished earning capacity, compensatory damages (including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses), punitive damages, interest, attorney's fees, and costs.

### Count III – Race Discrimination in Violation of M.G.L. c. 151B
### (v. Wellpath, LLC and Wellpath Recovery Solutions, LLC)

60. Ms. Nervil incorporates all paragraphs above and below as if set forth fully herein.

61. Ms. Nervil is African American.

62. Defendants, by and through its agents, racially discriminated against Ms. Nervil with respect to the terms, conditions, and/or privileges of her employment, because of Ms. Nervil's race.

63. Indeed, Defendants failed in their legal obligations to provide Ms. Nervil a workplace free of racial discrimination.

64. Defendants knowingly coerced, intimidated, threatened, and/or interfered with Ms. Nervil's right to be free from discrimination in the terms, conditions, and privileges of employment. Defendants, additionally, aided and abetted in the Company's discriminatory

actions by having engaged in individual and distinct wrongful action(s), by having intended to discriminate against Ms. Nervil in violation of rights protected under M.G.L. c. 151B.

65. Defendants' actions were outrageous, egregious, and/or undertaken with reckless indifference to Ms. Nervil's rights.

66. As a direct and proximate result of Defendants' violation of M.G.L. c. 151B, Ms. Nervil has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, other monetary harms, loss of earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

67. The Plaintiff seeks all damages to which she is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, compensatory damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, attorneys' fees, interest, and costs.

**Count IV – Race Discrimination in Violation of Title VII, 42 U.S.C. §§ 2000e, et. seq**
**(v. Wellpath, LLC and Wellpath Recovery Solutions, LLC)**

68. Ms. Nervil incorporates all paragraphs above and below as if set forth fully herein.

69. During all relevant times, the Company, including each Wellpath LLC and Wellpath Recovery Solutions, was an employer under Title VII, 42 U.S.C. §§ 2000e, et. seq. (hereinafter "Title VII") because it employed more than 15 persons for 20 or more calendar weeks within the previous 12-month period.

11

70. Defendants, by and through its agents, racially discriminated against Ms. Nervil with respect to the terms, conditions, and/or privileges of her employment, because of Ms. Nervil's race.

71. Indeed, Defendants failed in their legal obligations to provide Ms. Nervil a workplace free of racial discrimination.

72. More specifically, the Defendants subjected Ms. Nervil to adverse actions, including, but not limited to, a hostile work environment, the refusal to provide Ms. Nervil with a workplace free of racial discrimination, and the termination of Ms. Nervil's employment because she was African American.

73. As a direct and proximate result of the Company's violation of Title VII, Ms. Nervil has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, loss of earning capacity, other monetary harms, pain and suffering, loss of enjoyment of life, and emotional damages.

74. The Company acted with malice and/or with reckless indifference to the federally protected rights of Ms. Nervil.

75. Ms. Nervil seeks all damages to which she is entitled, including, but not limited to lost compensation and benefits (including, but not limited to, back pay and front pay), other monetary damages, diminished earning capacity, compensatory damages (including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses), punitive damages, interest, attorney's fees, and costs.

**Count V - Retaliation in Violation of M.G.L. c. 151B**
**(v. Wellpath, LLC and Wellpath Recovery Solutions, LLC)**

76. Ms. Nervil incorporates all paragraphs above and below as if set forth fully herein.

77. During all relevant periods, the Company employed 6 or more persons. Accordingly, the Company is an employer under the definition of M.G.L. c. 151B.

78. Ms. Nervil engaged in protected activity under M.G.L. c. 151B, including, but not limited to, by expressing protected concerns that she was being subjected to sexual harassment and assaults by her coworkers, and that the Defendants refused to take action to allow her and others to work in a workplace free of sexual harassment in violation of M.G.L. c. 151B.

79. Ms. Nervil engaged in protected activity under M.G.L. c. 151B, including, but not limited to, by expressing protected concerns that she was being subjected to discrimination based on her race and that the Defendants refused to take action to allow her and others to work in a workplace free of racial discrimination in violation of M.G.L. c. 151B.

80. Defendants unlawfully coerced, intimidated, threatened, and/or interfered with Ms. Nervil's exercising of or enjoyment of one or more rights granted by M.G.L. c. 151B.

81. More specifically, Defendants subjected Ms. Nervil to adverse actions, including, but not limited to, a hostile and harassing (including sexually harassing) workplace (including a workplace where Ms. Nervil was put at risk of and actually subjected to sexual assaults), the refusal to provide Ms. Nervil with a workplace free of sexual harassment, the refusal to provide Ms. Nervil with a workplace free of racial discrimination and the termination of Ms. Nervil's employment in retaliation for her engaging in protected activities.

82. Defendants' actions were outrageous, egregious, and/or undertaken with reckless indifference to Ms. Nervil's rights.

83. The Company knowingly discharged, expelled, discriminated against, and/or retaliated against Ms. Nervil because Ms. Nervil had engaged in protected activity and/or opposed practices forbidden under M.G.L. c. 151B.

84. As a direct and proximate result of Defendants' violation of M.G.L. c. 151B, Ms. Nervil has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, loss of earning capacity, other monetary harms, pain and suffering, loss of enjoyment of life, and emotional damages.

85. The Plaintiff seeks all damages to which she is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, compensatory damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, attorneys' fees, interest, and costs.

**Count VI - Retaliation in Violation of Title VII, 42 U.S.C. §§ 2000e, et seq.**
**(v. Wellpath, LLC and Wellpath Recovery Solutions, LLC)**

86. Ms. Nervil incorporates all paragraphs above and below as if set forth fully herein

87. Ms. Nervil engaged in protected activity under Title VII, including, but not limited to, by expressing protected concerns that she was being subjected to sexual harassment and assaults by her coworkers, and that the Defendants refused to take action to allow her and others to work in a workplace free of sexual harassment in violation of Title VII.

88. Ms. Nervil engaged in protected activity under Title VII, including, but not limited to, by expressing protected concerns that she was being subjected to discrimination based on her race and that the Defendants refused to take action to allow her and others to work in a workplace free of racial discrimination in violation of Title VII.

89. The Company unlawfully coerced, intimidated, threatened, and/or interfered with Ms. Nervil's exercising of or enjoyment of one or more rights granted by Title VII.

90. More specifically, the Company subjected Ms. Nervil to adverse actions, including, but not limited to, a hostile and sexually harassing workplace (including a workplace where Ms. Nervil was put at risk of and actually subjected to sexual assaults), the refusal to provide Ms. Nervil with a workplace free of sexual harassment, and the termination of Ms. Nervil's employment in retaliation for her engaging in protected activities.

91. Further the Company subjected Ms. Nervil to adverse actions, including, but not limited to, racial discrimination, the refusal to provide Ms. Nervil with a workplace free of racial discrimination, and the termination of Ms. Nervil's employment in retaliation for her engaging in protected activities.

92. The Company acted with malice and/or with reckless indifference to the federally protected rights of Ms. Nervil.

93. As a direct and proximate result of the Company's violations of Title VII, Ms. Nervil has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, loss of earning capacity, other monetary harms, pain and suffering, loss of enjoyment of life, and emotional damages.

94. Ms. Nervil seeks all damages to which she is entitled, including, but not limited to lost compensation and benefits (including, but not limited to, back pay and front pay), other monetary damages, diminished earning capacity, compensatory damages (including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses), punitive damages, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff respectfully requests that the Court enter the following relief:

1. Find the Defendants liable on all counts;
2. Award the Plaintiff monetary damages, including, but not limited to, back pay, lost compensation and benefits, and front pay;
3. Award the Plaintiff compensatory damages;
4. Aware the Plaintiff damages for emotional distress, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;
5. Award the Plaintiff damages for harm to reputation and reduced earning capacity;
6. Award the Plaintiff punitive damages;
7. Award the Plaintiff her reasonable attorney's fees;
8. Award the Plaintiff interest and costs;
9. Award the Plaintiff all other damages to which she is entitled; and
10. Grant such further relief as is just and equitable.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ Ryan F. Kenny*
Ryan F. Kenny
BBO # 668572
HKM EMPLOYMENT ATTORNEYS LLP
10 High Street, Suite 401
Boston, MA 02110
(Tel) 617-297-2002
rkenny@hkm.com

Dated: May 2, 2022